**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Karen Jones,  Case No. 3:11CV1250

    Plaintiff

v.  **ORDER**

Dana Corporation, et al.,

    Defendant

This is an employment discrimination case in which the plaintiff alleges federal and state claims under Title VII and O.R.C. § 4212. In her federal claims she seeks to recover against supervisors. One of her claims is for retaliatory discharge. Pending is defendants' motion to dismiss those portions of plaintiff's claims. (Doc. 24).

Also pending is plaintiff's motion for leave to file an amended complaint. (Doc. 35). Plaintiff wants to correct an error in the designation of the community in which the events giving rise to this case occurred. Defendants have not opposed that motion.

For the reasons that follow, I grant defendants' motion to dismiss. I also grant plaintiff's motion for leave to amend her complaint.

Contrary to the allegations in plaintiff's complaint and her argument in her opposition to defendants' motion, Title VII does not, unlike § 4112, authorize suits against supervisors. *See, e.g., Wathen v. Gen'l Electric Co.*, 115 F.3d 400 (6th Cir. 1997). Defendants seek dismissal only of the federal claims against the supervisors, not the state claims.

Plaintiff's EEOC filing did not include retaliation as one of its grounds for her administrative complaint. Plaintiff does not dispute the general proposition that she must have presented her claims

to for administrative review and action (or inaction) and a right to sue letter. She contends, however, that a scrivener's error omitted checking the retaliation box along with the race and gender boxes.

That doesn't matter. The law requires a plaintiff to file a complaint, and to give the administrative process an opportunity to work to resolve all her claims, before she can seek to recover on a claim here. Whether a mistake occurred through her oversight or that of others is immaterial. She was responsible, absent a showing of some disabling cause afflicting her individually, for not only what she filed, but also for what someone helped her to prepare and/or filed in her name.

Defendants are, therefore, also entitled to dismissal of plaintiff's retaliation claims.

It is, therefore,

ORDERED THAT:

1. Defendants' motion to dismiss (Doc. 24) be, and the same is granted as to plaintiff's Title VII claims against supervisory defendants and federal and state retaliation claims  based on allegations of retaliatory termination; and

2. Plaintiff's motion for leave to amend (Doc. 35) be, and the same hereby is granted.

So ordered.

/s/ James G. Carr
Sr. United States District Judge